Frank Taylor, Plaintiff-Appellant, *v.* Robert Rutan, Defendant-Appellee.

(No. 12862;

Fourth District—June 19, 1975.

Kenneth H. Clapper, of Danville, for appellant.

Jackson R. Hutton, of Hutton, Laury & Hesser, of Danville, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, a 68-year-old experienced farmhand, sued his employer for injuries sustained by him in a farm accident. At the close of plaintiff's evidence, a verdict was directed for defendant. Plaintiff appeals.

A directed verdict for the defendant requires that the trial court find the evidence, in its aspects most favorable to the plaintiff, so overwhelmingly favors the defendant that no contrary verdict could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

Plaintiff's evidence shows that on October 18, 1971, defendant told him to take defendant's John Deere tractor to a field and there to connect to a rotary mower called a bush hog. Plaintiff was then to use the tractor and bush hog to finish scattering straw in the field. Plaintiff had used this machinery a couple of days earlier to scatter straw. During this earlier use, the tongue of the bush hog broke, causing plaintiff to park the bush hog on plowed ground and unhook the tractor from it. The tongue had subsequently been repaired by defendant.

Upon arriving at the field, plaintiff backed the tractor into position in relation to the tongue of the bush hog and attached it to the draw bar

of the tractor with a pin. The bush hog was parked where plaintiff had left it. The field was level except for the area in front of the bush hog where holes had been created by the weight of the tractor when it had turned at the end of the field during plowing. The tractor's wheels were located on the incline of these holes during the coupling operation. Plaintiff left the engine running on the tractor, the transmission in reverse, and the hand clutch in a disengaged position. The tractor was equipped with a separate brake for each rear wheel, each brake pedal was equipped with a mechanical device so that the brake could be locked in an "on" position. Plaintiff applied both brakes.

After connecting the draw bar to the tongue of the bush hog, plaintiff tried to connect the power take-off unit of the tractor to the bush hog. This required him to stand in back of the tractor on the right hand side. He experienced considerable difficulty in making the coupling, working in that position for over 10 minutes. While he was so involved, the tractor rolled backwards and over his left foot. Plaintiff was unable to pull his foot from under the wheel, the tractor continued to roll backwards onto plaintiff. He suffered severe, permanent injuries as a result.

The rotary blade of the bush hog was driven by a series of universal joints and rods that connected to the power take-off unit of the tractor. A year or two before the date of plaintiff's injuries, the bush hog had been borrowed by a neighbor of defendant. During the neighbor's use of the bush hog, the power transfer unit broke. He replaced the broken part with one that was slightly different in length and contained a more heavily built knuckle than the original. However, the replacement part could be used with the power take-off shaft extending from the gear box at the rear of the tractor because all tractor power take-off shafts are uniform and designed to be used with various pieces of equipment.

The replacement part made attaching the bush hog to the tractor more difficult and time-consuming than the original. On the day that the bush hog's tongue had broken, defendant demonstrated how the repaired unit was to be coupled to the tractor and made the actual connection for plaintiff.

As a result of his injuries, plaintiff filed a two-count complaint alleging negligence on behalf of defendant. Count I alleged defendant had negligently failed to warn plaintiff that the power take-off shaft from the tractor to the mower had been broken and replaced by a shaft unfit for the purpose for which it was intended and of improper length. A negligent and careless failure to warn plaintiff of other defects in the mechanical equipment necessary to connect and transmit the power

from the tractor to the bush hog was also alleged, as well as otherwise providing plaintiff with a defective piece of machinery. Count II alleged defendant had negligently and carelessly failed to warn him that the brakes on the tractor were defective, that defendant had negligently and carelessly provided him with a tractor with defective brakes, and that defendant had otherwise negligently and carelessly provided plaintiff with a defective tractor and/or rotary mower. Defendant denied the allegations of negligence and set up a defense of assumption of risk on both counts.

The trial court found there was no evidence to support the specific allegations of negligence in Count I in relation to the power take-off or power transmission equipment. No evidence was presented of any other alleged defects in the pieces of machinery involved. The trial court also found there was no evidence that the brakes on the tractor were defective as alleged in Count II. No other alleged defects in the tractor or rotary mower were shown either.

The trial court found that no evidence was introduced that there was any negligent act on the part of defendant. We agree. Under the *Pedrick* rule, the trial court was correct in directing a verdict for defendant.

The evidence presented by plaintiff clearly shows that defendant had shown him the component parts of the power transfer system between the tractor and the bush hog a few days before plaintiff's accident. Defendant had also shown plaintiff how to make the connection of the power transfer equipment from the tractor to the bush hog. Any knowledge that defendant had concerning the replacement part in the power transfer system and difficulties in using it was shared with plaintiff. The evidence discloses that defendant did not breach any duty to warn plaintiff concerning the condition of the power take-off and power transfer equipment. In fact, plaintiff's evidence failed to establish that the mechanical equipment necessary to connect and transmit the power from the tractor to the bush hog was defective. It still served the same function only being somewhat more difficult to connect.

The only defect specifically alleged concerning the tractor involved the brakes. Plaintiff's evidence completely failed to establish that the brakes were, in fact, defective. Also, no evidence was presented that defendant had any knowledge of the alleged defect in the brakes.

Plaintiff's evidence did not meet the test for establishing negligence set forth in *Hardware State Bank v. Cotner*, 55 Ill.2d 240, 302 N.E.2d 257:

> "A defendant upon whom a duty is placed is negligent when he acts or fails to act in a manner attributable to a reasonably

careful person. (*Haymes v. Catholic Bishop of Chicago,* 41 Ill.2d 336, 339.)" (55 Ill.2d 240, 247, 302 N.E.2d 257, 262.)

We concur with the trial court's judgment that plaintiff's evidence as a matter of law failed to establish any negligent act on defendant's part and required a directed verdict for defendant.

The judgment of the circuit court is affirmed.

Affirmed.

SIMKINS, P. J., and GREEN, J., concur.